UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

T. TERELL BRYAN, et al.                                                        PLAINTIFFS

v.                                                                  CIVIL ACTION NO. 3:11CV-238-S

SECURITY EQUIPMENT CORP., et al.                                      DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of defendants South Carolina Department of Corrections and various state employees[1] to dismiss the action for lack of personal jurisdiction, for failure to state a claim upon which relief may be granted, and for filing duplicative *in forma pauperis* lawsuits.

The plaintiffs are inmates at the Perry County Correctional Institution in South Carolina. They filed suit against various individuals alleged to be employees of the South Carolina Department of Corrections. They also named the FBI, the United States Attorney, the South Carolina Department of Corrections, and a number of corporate entities who they contend are manufacturers of mace allegedly used on inmates in the prison. The plaintiffs are proceeding *pro se* and their complaint is less than a model of clarity. However, Bryan indicates in his brief in response to the defendants' motion to dismiss (DN 12) that the date of the most recent incident of

---

[1] Miriam Cocciolone, Amy Enlow, Benjamin F. Lewis, Jr., Dr. J. Glenn Allewine, John Ferraro, Florence Mauney, Stephen R. Claytor, Jonathan E. Ozmint, James Simmons III, and Ann Hallman are alleged to be employees of the South Carolina Department of Corrections.

which the plaintiffs complain was April 18, 2009.² This action was filed in the Jefferson Circuit Court on May 3, 2011. The lead plaintiff, T.Terrell Bryan, has filed numerous lawsuits arising out of the use of mace, seeking to proceed *in forma pauperis*:³

>   *Bryan v. Russell Campbell, et al.,* 3:10-cv-541-J-99MMH-TEM (filed in the Middle District of Florida and transferred to the District of South Carolina)
>
>   *Bryan v. Defense Technology U.S.*, et al.*,* 2:10-cv-00152-ABJ (filed in the District of Wyoming and transferred to the District of South Carolina)
>
>   *Bryan v. Defense Technology, et al.,* 3:10-cv-01771W-BGS (filed in San Diego County Superior Court and removed to the Southern District of California)
>
>   *Bryan v. Defense Technology U.S., et al.,* 2:10-cv-02241-MCE-GGH (filed in the Sacramento County Superior Court and removed to the Eastern District of California)
>
>   *Bryan v. Defense Technology U.S., et al.,* 2:10-cv-01601-RCB-JRI (filed in the District of Arizona)
>
>   *Bryan v. Defense Technology U.S., et al.,* 2:10-cv-5980-AG (JEM) (filed in the Central District of California)
>
>   *Bryan v. Russell Campbell, et. al.*, 3:10-cv-00882-ST (District of Oregon)

Bryan filed a motion in this case in the state court requesting to proceed *in forma pauperis* and submitted a financial statement in which he claimed indigence and sought appointment of counsel. Judge Gibson denied his request for counsel, noting that there is no constitutional right to appointment of counsel in a civil action. She did not directly address the question of indigence or waiver of fees. Despite their contention that service was insufficient, the South Carolina Department of Corrections and the individual state employees ("state defendants") appeared and answered the complaint. Thereafter the state defendants removed the action to this court, and paid the filing fee.

---

²A remark in a brief does not amend the complaint, but we will utilize this date for purposes of this opinion.

³As reported by the defendants (DN 9 at p. 6).

There is no indication that the Attorney General, the FBI, Security Equipment Corp., or Defense Technology Corp. of America were ever served in the case and these defendants have not appeared.

The defendants have moved for dismissal on the ground of frivolity under 28 U.S.C. § 1915(e)(2)(B), as Bryan has filed numerous suits concerning the use of mace at the prison, claimed harmful effects from the substance, and alleged inadequate medical care for inmates who are exposed to it.

> As noted in *Hicks v. Brysch*, 989 F.Supp. 797, 814-15 (W.D.Tex. 1997),
>
> [W]hen Congress enacted the Prison Litigation Reform Act of 1996 ["PLRA"], it specifically amended Title 28 U.S.C. Section 1915(e)(2)(B)(I) to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid...Title 28 U.S.C. Section 1915(e) accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless...Typical examples of claims which can be dismissed pursuant to Section 1915(e) include...claims which are barred by limitations...In an action proceeding under Section 1915(e), federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.  [footnote omitted].  Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer.  [footnote omitted].

The United States District Court in Oregon dismissed a similar case as frivolous in November of 2010, taking judicial notice of Bryan's duplicative filings.  *Bryan v. Russell Campbell, et. al.*, 3:10-cv-00882-ST (D.Or. 2010).

This action is barred by the applicable statute of limitations.  Additionally. the court does not have jurisdiction over the South Carolina Department of Corrections or its employees.

The Kentucky one-year statute of limitations governing personal injury actions applies to bar this action.  KRS 413.140(1)(a);  *Hill v. Overton County, Tenn.,* No. 98-6762,  205 F.3d 1340, 2000

WL 145190 (6th Cir. Jan. 31, 2000), *citing Wilson v. Garcia*, 471 US 261, 268-79 (1985).  Bryan contends that the statute of limitations should be tolled until April 18, 2012.  He urges that the statute of limitations is tolled while an inmate is exhausting administrative remedies.  There is no evidence in the record that any grievance was filed concerning the alleged incident which would toll the running of the statutory period.

  Additionally, the alleged injuries occurred in South Carolina.  No conduct by any employee defendant or government agency is alleged to have a connection to Kentucky.  There is no proof of service on any of the remaining defendants.  No comprehensible claim is made against the Attorney General or the FBI.  The two corporate defendants are claimed to have manufactured mace, but no cognizable claim is alleged against them.  Beyond having purportedly supplied the mace, there is no connection between the corporate defendants and the alleged wrongful conduct at the prison.

  For these reasons, we find that the claims are time barred, that they fail to state a claim upon which relief may be granted, that the court lacks jurisdiction over certain of the defendants and that there has been no service upon the others.  Additionally, this is a duplicative action.  On all of these bases, the court concludes that this action is frivolous under 28 U.S.C. § 1915(e) and must be dismissed.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 3, 2012

            **Charles R. Simpson III, Judge**
            **United States District Court**